## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

RONNIE L. BRIGHT,

       Plaintiff,

vs.                                     Case No. 3:11-cv-10-J-32MCR

JACKSONVILLE SHERIFF'S OFFICE,
and CITY OF JACKSONVILLE, FL.,

       Defendants.

_____

## ORDER

This case is before the Court on Defendant Jacksonville Sheriff's Office ("JSO") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 16) and Plaintiff's response thereto (Doc. 22). For the reasons below, Plaintiff's Second Amended Complaint (Doc. 13) will be dismissed with prejudice.[1]

Plaintiff "asserts constitutional violations under 42 U.S.C. § 1983 for municipal liability breach of contract tort violations." Sec. Am. Compl. at 1. Specifically, Plaintiff alleges that JSO breached the parties' Cooperating Individual Agreement (Doc. 22 at 4) by failing to compensate Plaintiff for providing information in May 2007 which led to the seizure of

_____

[1]   Plaintiff filed his Second Amended Complaint on February 2, 2011 without requesting leave of this Court. In the Second Amended Complaint, Plaintiff sought to add defendant City of Jacksonville, Florida ("COJ") to the action. The Court ultimately allowed Plaintiff's Second Amended Complaint to stand, and directed Plaintiff to serve COJ no later than March 22, 2011. See Doc. 20. Plaintiff failed to effect service by the Court's deadline. However, even if COJ had been properly served as a party to this action, Plaintiff's claims against it would fail on the merits for the reasons stated herein. As a result, Plaintiff's late-filed Motion for Enlargement of Time (Doc. 23) is denied as moot.

$247,000 in contraband currency.  Plaintiff further alleges that JSO did not provide the compensation in question solely because of Plaintiff's incarceration on an unrelated matter, which he contends was discrimination and violative of his due process rights.

While a violation of procedural due process rights may support a § 1983 claim, to establish such a claim a plaintiff must demonstrate that a person deprived him of a federal right and that the person who deprived him of that right acted under color of state law.  Key West Harbour Development Corp. v. City of Key West, Fla., 987 F.2d 723, 727 (11th Cir. 1993).  "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits."  Board of Regents v. Roth, 408 U.S. 564, 576 (1972). For an individual to have a property interest, the individual must have a legitimate claim of entitlement to the property interest. Id. at 577.  In this case, Florida law controls whether Plaintiff has a legitimate property interest for purposes of his § 1983 claim.  See id.; Paul v. Davis, 424 U.S. 693, 709 (1976).  Under Florida law, a property interest falling within the protections of procedural due process may be created by law, statute, ordinance, contract, or policies and practices.  Metropolitan Dade County v. Sokoslowki, 439 So.2d 932, 934 (Fla. 3d DCA 1983).

Plaintiff contends that he provided "contracted work" for which he was not paid by JSO. Doc. 22 at 2.  However, neither the Cooperating Individual Agreement nor the fact that Plaintiff was paid for similar work on prior occasions support Plaintiff's assertion that he is owed money pursuant to an enforceable written contract.[2]  Further, even if Plaintiff were able

---

[2]   To the extent that Plaintiff intended to assert the existence of an enforceable oral contract, he has failed to allege its essential terms.  See W.R. Townsend Contracting, Inc.

to allege an enforceable contract, Plaintiff would not automatically have a federally protected

interested in the potential compensation he claims is owed by JSO.  See Key West, 987 F.2d

at 727  ("The existence of an enforceable contract with a state or local government entity

does not give rise to a constitutionally protected property interest"); see also Braden v. Texas

A & M University, 636 F.2d 90, 93 (5th Cir. Unit A Feb. 1981) (holding that a mere breach

of contract does not give rise to a constitutionally protected property interest; rather plaintiff

must predicate relief on a deprivation of a constitutional right).  Plaintiff's naked assertion that

the non-payment of his compensation constitutes discrimination because of his incarceration

does not form the proper constitutional basis for a § 1983 deprivation of property claim.[3]

In short, the Second Amended complaint does not contain "enough facts to state a

claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007), and "stops short of the line between possibility and plausibility of 'entitlement to

relief." Id. at 557.  Accordingly, it is hereby

———————————————

v. Jensen Civil Construction, Inc., 728 So.2d 297, 300 (Fla. 1st DCA 1999)(to state a cause
of action for breach of an oral contract under Florida law, a plaintiff must allege facts which,
if true, "demonstrate that the parties mutually assented to a certain and definite proposition
and left no essential terms open")(quotation omitted).

[3]    Again, even if Plaintiff had properly alleged a constitutional violation, he has failed to
properly allege municipal liability under § 1983.   "It is only when the 'execution of the
government's policy or custom ... inflects the injury' that the municipality may be held liable."
City of Canton v. Harris, 489 U.S. 378, 385 (1989).  Thus, "to impose § 1983 liability on a
municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the
municipality had a custom or policy that constituted deliberate indifference to that
constitutional right; and (3) that the policy or custom caused the violation."  McDowell v.
Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  The Second Amended Complaint fails to
allege any of these required elements.

**ORDERED**:

1.      Defendant JSO's Motion to Dismiss (Doc. 16) is **GRANTED.**  The Second Amended Complaint is **DISMISSED WITH PREJUDICE** as to Plaintiff's 42 U.S.C. § 1983 federal constitutional claim.  The Court expresses no view whether Plaintiff might be able to bring a contract action in state court.

2.      The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of April, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record
pro se party

4